UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA DENISE MERRIWEATHER,

       Plaintiff,                   CIVIL ACTION NO. 14-cv-14950

       v.                            DISTRICT JUDGE STEPHEN J. MURPHY, III

COMMISSIONER OF             MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tonya Denise Merriweather seeks judicial review of Defendant Commissioner of Social Security's determination that she is entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g) from December 17, 2010 through March 8, 2012, but not thereafter. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 12). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be DENIED and Defendant's Motion for Summary Judgment (docket no. 12) be GRANTED.

## II. PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income with protective filing dates of October 10, 2011 and October 3, 2011, respectively, alleging that she has been disabled since May 15, 2010, due to a back injury and depression. (TR 12, 65-66, 174, 178.) The Social Security Administration denied Plaintiff's claims on March 20, 2012, and Plaintiff requested a *de novo* hearing. (TR 65-88, 98.) On May 29, 2013, Plaintiff appeared with a representative and testified at the hearing before ALJ Michael R. Dunn. (TR 31-64.) In an August 6, 2013 decision, the ALJ found that Plaintiff was disabled from December 17, 2010 through March 8, 2012, but she was not entitled to benefits beyond March 8, 2012, because a medical improvement occurred that rendered her capable of performing a significant number of jobs in the national economy. (TR 12-26.) The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

In her brief, Plaintiff set forth the procedural history of this matter and a detailed summary of the medical evidence and hearing testimony. (Docket no. 11 at 6-15.) The ALJ set out a detailed, factual recitation with regard to Plaintiff's hearing testimony, Plaintiff's medical record, and the vocational expert's (VE's) testimony in his decision. (TR 18-20, 21, 23-24, 25.) Defendant adopts the ALJ's recitation of the facts. (Docket no. 12 at 6.) There are no material inconsistencies between Plaintiff's and the ALJ's accounts of the record; therefore, the undersigned will incorporate their factual recitations by reference. Additionally, the undersigned

has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 17, 2010, the date she became disabled. (TR 16.) Next, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, status post lumbar fusion; major depressive disorder; and anxiety disorder; however, those impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 16-17.) The ALJ then found that Plaintiff was under a disability from December 17, 2010 through March 8, 2012, because she had a residual functional capacity (RFC) that did not allow for the performance of past relevant work or any other jobs existing in significant numbers in the national economy. (TR 17-22.) The ALJ found that medical improvement related to the ability to work occurred as of March 9, 2012, and that Plaintiff had the RFC to perform a limited range of sedentary work. (TR 23-25.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was still unable to perform past relevant work, but she was capable of performing a significant number of jobs in the national economy beginning March 9, 2012. (TR 25-26.) The ALJ concluded that Plaintiff was disabled under the Social Security Act from December 17, 2010 through March 8, 2012, and that her disability ended on March 9, 2012. (TR 12-13, 26.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining

3

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)   Plaintiff was not presently engaged in substantial gainful employment; and

(2)   Plaintiff suffered from a severe impairment; and

(3)   the impairment met or was medically equal to a "listed impairment;" or

(4)   Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

5

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed under sentence four because (1) the ALJ's finding that a medical improvement occurred on March 9, 2012 is not supported by substantial evidence; and (2) the ALJ made an impermissible credibility finding. (Docket no. 11 at 18-24.)

### 1. The ALJ's Finding of Medical Improvement

Plaintiff argues that the ALJ's finding of medical improvement as of March 9, 2012 is not supported by substantial evidence. (Docket no. 11 at 18-22.) "In a 'closed period' case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." *Shepherd v. Apfel*, 184 F.3d 1196, 1199 n.2 (10th Cir. 1999) (citation omitted). "Typically, both the disability decision and the cessation decision [in a closed period case] are rendered in the same document." *Id.* The medical improvement standard applies to cases involving a closed period of disability. *Id.* at 1200*; Niemasz v. Barnhart*, 155 F. App'x 836, 839-40 (6th Cir. 2005). Once a claimant has been awarded disability benefits, an ALJ must find that there has been a medical

6

improvement in the claimant's condition before terminating the claimant's benefits. Title 42 U.S.C. § 423(f) provides:

> A recipient of benefits under this subchapter . . . based on the disability of any individual may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by –
>
> (1) substantial evidence which demonstrates that –
>
> > (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
> >
> > (B) the individual is now able to engage in substantial gainful activity.

42 U.S.C. § 423(f)(1). Any decrease in severity of the claimant's impairment meets the statutory standard for medical improvement. *See* 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(c)(1). Medical improvement "is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." 20 C.F.R. § 404.1594(c)(1). In determining whether medical improvement that has occurred is related to a claimant's ability to do work, "[t]he residual functional capacity assessment used in making the most recent favorable medical decision will be compared to the residual functional capacity assessment based on current evidence in order to determine if [the claimant's] functional capacity for basic work activities has increased." 20 C.F.R. § 404.1594(c)(2), (3).

To support his finding that Plaintiff underwent medical improvement as of March 9, 2012, the ALJ cited a variety of evidence:

> The record notes that the claimant's incontinence resolved following her fusion (Exhibit 5F). Treatment records from October 2011 reflect normal range of motion (Exhibit 3F). Treating records prior to [the] March 2012 consultative examination note [a] good outcome from fusion and [that the claimant was] doing

7

> reasonably well with only minor residual symptoms, followed by a sudden return of left-sided back and leg pain at or about the time of filing her application (Exhibits 9F, 11F, 13F). By March 2012, she was taking pain medication only "as needed." At the March 2012 consultative examination, she had stable gait, did not need a walking device, and was able to get on and off [the] examining table. Her straight leg raising was positive at 70 degrees but with complaint of pain in only the back. Refusal to bend at the consultative examination is not reflected in treatment records and there is no clinical or other objective basis for such claim (Exhibit 5F).

(TR 23-24.) The ALJ then determined that the medical improvement experienced by Plaintiff is related to her ability to work because there had been an increase in Plaintiff's RFC. (TR 24.) Specifically, the ALJ's current RFC assessment does not include the ALJ's previous finding that Plaintiff would likely be off task twenty percent of the day and absent from work three days per month. (*Compare* TR 17 *with* TR 24.)

In her brief, Plaintiff questions whether the ALJ applied the proper legal standards in determining that Plaintiff was disabled for a closed period of time. (Docket no. 11 at 18.) Plaintiff does not further develop this argument, but she does devote two pages of her brief to citations to and quotations of the regulations and relevant case law. (*Id.* at 18-20.) Notably, the legal standards cited by Plaintiff are the same as those applied by the ALJ in his decision, which were the appropriate standards to apply in this matter. Thus, to the extent that Plaintiff argues that the ALJ applied or relied upon incorrect legal standards in making his determination, Plaintiff's argument fails.

Next, Plaintiff argues that the ALJ's medical improvement finding is not supported by substantial evidence because she continued to suffer from the same severe impairments of degenerative disc disease, major depressive disorder, and anxiety disorder, and because "there was clear diagnostic evidence supportive of the claimed limitations which were not incorporated into the record." (*Id.* at 20-21.) Plaintiff then sets forth a recitation of the record medical

8

evidence favorable to her position. (*Id*. at 21-22.) Defendant counters Plaintiff's argument by citing record evidence supportive of the ALJ's decision. (Docket no. 12 at 13-15.) In so doing, the parties seem to invite the Court to reweigh the evidence and substitute its own judgment for that of the ALJ; but it is not the Court's role to resolve conflicts in the evidence. *See Brainard*, 889 F.2d at 681 (citation omitted). A review of the ALJ's decision reveals that the ALJ considered the record evidence cited by both Plaintiff and Defendant in reaching his determination that Plaintiff had experienced a medical improvement, and he supported his determination with several citations to the record. While the evidence cited by Plaintiff tends to support Plaintiff's assertions, there is also substantial evidence supporting the ALJ's conclusion. Therefore, this issue falls within the ALJ's zone of choice, and Plaintiff's Motion should be denied with regard to this issue.

### 2. *The ALJ's Assessment of Plaintiff's Credibility*

Next, Plaintiff asserts that "the ALJ made an impermissible credibility finding." (Docket no. 11 at 22-24.) "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not)

9

credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ will consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors). As part of her argument, Plaintiff asserts that the ALJ failed to consider these factors. (Docket no. 13 at 17-18.)

Here, the ALJ considered and discussed Plaintiff's hearing testimony and other subjective complaints in conjunction with the record evidence, and he found that Plaintiff's allegations were not entirely credible. (TR 18-20, 24.) In reaching this determination, the ALJ reasoned as follows:

> Beginning on March 9, 2012, the undersigned finds the claimant to be less than fully credible, with the allegations regarding limitations significantly inconsistent with the record. The claimant refused to do bending for range of motion at the consultative examination on March 8, 2012, stating that she could not bend. However, treatment records from October 2011 reflect normal range of motion. The claimant was offered an epidural injection but she refused. Treating records prior to the consultative examination note good outcome from the fusion, and that she was doing reasonably well with some minor residual symptoms, followed by

> sudden return of left-sided back and leg pain at or around the time of filing her application. Refusal to bend at the consultative examination is not reflected in the treatment records and there is no clinical or other objective basis for such claim, which raises significant question regarding the claimant's presentation of ongoing severe symptoms at the consultative examination.

(TR 24.)

Plaintiff makes three statements in the credibility portion of her brief that could be perceived as arguments. (Docket no. 11 at 23.) First, Plaintiff claims that "the decision failed to document the lack of health insurance to continue treatment." As Defendant correctly points out, however, Plaintiff has received treatment from a variety of providers; moreover, she has failed to present any evidence that she lacked the funds or resources to obtain treatment. (*See* docket no. 12 at 19.)

Next, Plaintiff asserts that the ALJ's credibility determination "appears to be based on [Plaintiff's] unwillingness or inability to bend in a consultative examination." Plaintiff is correct in this instance. The ALJ reasoned that there was no clinical or objective basis for Plaintiff's alleged inability and refusal to bend at the consultative examination, which called her credibility into question. But the ALJ did not base his credibility determination solely on Plaintiff's refusal to bend. The ALJ also noted that Plaintiff refused treatment for pain; that her treatment records reflect a normal range of motion, a good outcome from her back surgery, and minor residual symptoms; and that her back and leg pain suddenly returned at or around the time of the filing of her disability application. Plaintiff does not assert error here, and the Court finds none.

Finally, Plaintiff claims that "[t]he testimony regarding the nature and intensity of the pain was consistent with the medical evidence which was clearly documented in the objective testing and the physician treatment reports." Plaintiff does not further develop this conclusory statement. The Court is not obligated to address perfunctory arguments or develop them on

11

Plaintiff's behalf, and it declines to do so. *See Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, at *14 (E.D. Mich. Jan. 25, 2013) (Grand, M.J.) (citation omitted).

The immediate discussion demonstrates that the ALJ provided specific reasons for discounting Plaintiff's credibility in his decision, and in doing so applied many of the factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the Court the weight that he gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and should not be disturbed; Plaintiff's Motion should be denied in this regard.

## VI.     CONCLUSION

For the reasons stated herein, the Court should DENY Plaintiff's Motion for Summary Judgment (docket no. 11) and GRANT Defendant's Motion for Summary Judgment (docket no. 12).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 27, 2016         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: January 27, 2016         s/ Lisa C. Bartlett
                                Case Manager