UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA DENISE MERRIWEATHER,

       Plaintiff,                              Case No. 14-cv-14950

v.                                                HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**ORDER OVERRULING OBJECTIONS** (document no. 14),
**ADOPTING REPORT AND RECOMMENDATION** (document no. 13),
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 11),
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 12)

In a decision issued by an Administrative Law Judge ("ALJ"), the Commissioner of the Social Security Administration ("SSA") found that Plaintiff Tonya Merriweather ("Merriweather") was disabled from December 17, 2010 through March 8, 2012, but was not entitled to Supplemental Security Income and Disability Insurance Benefits beyond the latter date. *See* Administrative Record ("A.R.") 8–26, ECF No. 9-2. After the SSA Appeals Council declined to review the ruling, Merriweather appealed. The Court referred the matter to Magistrate Judge Mona K. Majzoub, and the parties filed cross-motions for summary judgment. *See* Mot. Summ. J., ECF Nos. 11, 12. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Merriweather's motion and grant the Commissioner's motion. Report, ECF No. 13. Merriweather filed timely objections to the Report. Obj., ECF No. 14. After examining the record and considering Merriweather's objections de novo, the Court concludes that her arguments do not have merit. Accordingly, the Court will adopt the Report's findings, deny Merriweather's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the

complaint.

## BACKGROUND

The Report properly details the procedural background of the case. Report 2, ECF No. 13. The factual backgrounds presented by both parties were consistent and incorporated into the Report by reference. *Id.* The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without

directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Merriweather first objects to the ALJ's determination of a closed period of benefits, which the ALJ based on the conclusion that Merriweather's medical condition improved following treatment. Obj. 1–3, ECF No. 14. Merriweather challenges the contention that her condition improved, and contends that there is substantial evidence the opposite is true. Thus, Merriweather contends that the ALJ's determination was outside the "zone of choice." *Id.* at 2.

The magistrate judge conceded that the record contains evidence supporting Plaintiff's position that medical improvement had not occurred. Report 9, ECF No. 13. Even so, both the Report and the ALJ's decision illustrate substantial evidence for the ALJ's determination, including a good outcome from fusion treatment, a reduction in the use of pain medication, and an improved gait. A.R. 23–24, ECF No. 9-2. Whether evidence of improvement is greater than evidence of continued disability is not relevant. The evidence of improvement is substantial, and that evidence precludes the Court from second-guessing the ALJ's determination. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Second, Merriweather contends that the ALJ's negative credibility determination was

insufficiently detailed under Social Security rules. Obj. 4, ECF No. 14. Merriweather correctly notes that the rules require a negative credibility determination to be more than a single sentence or rote statement of consideration. Rather, the determination must include specific reasons for the credibility finding. *Id.* The ALJ's decision, however, did provide specific reasoning for the negative credibility determination; specifically, the ALJ analyzed Merriweather's refusal to bend during a consultative examination and her refusal of an epidural injection. A.R. 24, ECF No. 9-2. Furthermore, the ALJ noted that Merriweather's alleged inability to bend was contrary to other medical evidence and examinations. *Id.* The reasoning behind the ALJ's credibility determination was sufficiently developed, and the second objection also fails.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Merriweather's objections. The Court finds Merriweather's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Merriweather's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Merriweather's Objections (document no. 14) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 13) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Merriweather's Motion for Summary Judgment (document no. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment

(document no. 12) is **GRANTED**.

      **IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

      **SO ORDERED**.


                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: February 26, 2016


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2016, by electronic and/or ordinary mail.

                                      s/Carol Cohron
                                      Case Manager